UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAVID O. CARTER,                              Case No. 6:11-cv-01299-HZ

        Petitioner,                      OPINION AND ORDER

v.

JEFF PREMO,

        Respondent.

HERNANDEZ, District Judge.

    Petitioner, an inmate in custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this action is DISMISSED.

## Background

    In July 1984 Petitioner pled of guilty to Murder and was sentenced to life imprisonment with the possibility of parole. On October 27, 2011, Petitioner filed this habeas action challenging his continued detention. However, the petition included constitutional challenges to Petitioner's conditions of confinement

1 - OPINION AND ORDER

and alleged violation of his civil rights. The Court issued an order advising Petitioner that, should he wish to pursue civil rights claims, he would need to do so in a separate action under 42 U.S.C. § 1983. The Court further advised Petitioner that to proceed with his habeas actions he would need to file an amended petition and include information regarding any direct appeals and post-conviction proceedings in state court challenging his state conviction and sentence. The Court deferred action on Petitioner's Motion for Appointment of Counsel (#3).

On December 28, 2011, Petitioner filed an amended petition (#11) which was difficult to decipher. The Court liberally construed the Amended Petition to be challenging Petitioner's 1984 conviction and life sentence. As best the Court could discern, Petitioner alleged his conviction was unconstitutional because the address specified as the location where he committed a burglary was incorrect in a 1984 pre-sentence report (ref. no. 10162), and that he was being held beyond the imposed sentence. (#11, at 6-7.) In the amended petition, Petitioner specified that he did not directly appeal from the judgment of conviction and that he did not file a petition for state post-conviction relief. (*Id.*, at 2, 4.) However, he stated he had matters related to his conviction and sentence pending in Marion County Circuit Court and in the Oregon Court of Appeals. (*Id.*, at 8.) Petitioner did not give the nature or filing dates of the state court proceedings, but attached a copy

2 - OPINION AND ORDER

of a motion sent to Multnomah Circuit Court to "Set Aside and Vacate Judgment," dated August 24, 2011. (#11, at 10, and Ex. 1.)

Petitioner was ordered to show cause why the amended petition should not be dismissed as untimely, and he was advised that if he wanted to challenge Parole Board decisions he must file a separate habeas action, identifying the specific Parole Board decision he wished to challenge and the supporting facts. (#14.) Petitioner filed additional documents and the Court concluded the assistance of counsel would be necessary to obtain an answerable pleading. The Court appointed the Federal Public Defender, and counsel filed a Second Amended Petition (#31). Respondent filed an Answer and Response to the Second Amended Petition. (#41, #42.)

Despite being represented by counsel, Petitioner continued to file *pro se* motions, one of which asked that a criminal attorney be appointed for state court proceedings and that the Federal Public Defender be removed. (#34.) Petitioner's *pro se* motions were denied. (#39.) At Petitioner's insistence, however, counsel moved to withdraw and moved to strike the Second Amended Petition.[1] (#44.)

On November 9, 2012, the Court held a hearing on counsel's motion to withdraw. Petitioner was advised of the negative

---

[1] In a declaration in support of the motion to withdraw, counsel interpreted and conveyed what Petitioner was seeking, and expressed counsel's belief that Petitioner's sentence has not been executed as the sentencing judge had intended. (#45, at 2.)

3 - OPINION AND ORDER

consequences that would result from proceeding *pro se*; and from striking the Second Amended Petition, in which potentially meritorious claims were presented with a request that the proceedings be stayed to allow for exhaustion of state remedies. Petitioner insisted that counsel be removed and that the Second Amended Petition be stricken. The Court granted the motion and identified the amended petition filed on December 28, 2012, as the operative pleading. (#47.)

Respondent filed a Response to the operative pleading (#11), identifying claims for relief pertaining to Parole Board action. (#49, at 3.) Respondent argued Petitioner's state remedies were unexhausted, and that the Court should dismiss the petition without prejudice to Petitioner's right to re-file after his state judicial review proceedings were exhausted. (*Id.* at 2-3.)

On February 14, 2013, Petitioner filed a motion citing to "F.R.C.P. Rule 48a)1)." (#53.) He requested the appointment of a Master on the basis that his petition was originally filed on October 25, 2011, and that the Multnomah County Circuit Court had not responded to two motions filed on August 2, 2011, and August 24, 2011, to set aside and vacate his conviction.[2] In the motion, Petitioner specifies: "As the issue is not of the <u>Board not following the Rules</u> it is <u>of the Judgment it self</u> [sic]." (*Id.*, at

---

[2]Petitioner's citation to FRCP 48(a)(1) is confusing. Rule 48(a) governs the number of jurors, does not have a subsection (1), and does not pertain to the appointment of a Master.

4 - OPINION AND ORDER

2.) He later specifies, "This Petitioner is seeking to be Immediately Released do [sic] to stated fact that the state sentencing Guidelines under Matrix System were and are mandatory: Due to Judgment becoming Illegal." (*Id.*)

Based on the record to date, Petitioner's motion (#53) is understood to allege that a plea agreement prior to sentencing specified that he would not be incarcerated for more than 24 years, and that a clerical error in the judgment has resulted in his continued, and unlawful incarceration. (*Id.* at 6.) He is further understood to allege that he has filed multiple motions in Multnomah County Circuit Court seeking to have clerical errors in his criminal judgment in "Case No. 84/02/30793" corrected, in order that he be immediately released since he has been incarcerated past the "set parole release date of May 29, 2003," but that his motions have gone unanswered.

## Discussion

The Anti-Terrorism and Effect Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). State prisoners, like Petitioner, whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

5 - OPINION AND ORDER

Thus, where the conviction was final before the April 1996 effective date of the Act, the petition or motion was to be filed by April 24, 1997, in the absence of statutory tolling. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). Under the AEDPA, the statute of limitations is tolled during the pendency of any "properly filed application for state post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

The record reveals that no state proceedings tolled the statute of limitations applicable to Petitioner, and that a petition challenging his 1984 conviction and sentence had to be filed by April 24, 1997.

This action was filed fourteen (14) years beyond the expiration of the AEDPA limitation period. Under exceptional circumstances, equitable tolling may apply when a petitioner establishes "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way[,]" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 130 S.Ct. 2549, 2560-65 (2010) ("extraordinary circumstances" requires more than "garden variety" neglect). Equitable tolling may also apply upon a credible showing of actual innocence. *Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011). The Court finds nothing in the record that suggests equitable tolling applies in this case. An inmate's ignorance of the law and lack of legal sophistication does not warrant equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th

6 - OPINION AND ORDER

Cir. 2006). Therefore, to the extent Petitioner seeks to challenge his 1984 conviction and sentence, the petition must dismissed as untimely.

Parole Board Action

Petitioner asserts that he is not challenging Parole Board action. The Court attributes Petitioner's assertion to his lack of familiarity with the separate functions of the State and Federal court systems; with federal habeas proceedings; and to the legal complexity of challenging the execution of a State sentence in federal court. Former counsel's assessment that claims challenging Parole Board action were the only potentially meritorious claims was correct.[3] (#32, at 2.)

Respondent very liberally construed the operative pleading and identified claims for relief that challenge Board action resulting in Petitioner's continued incarceration. Respondent argues that these claims are unexhausted since judicial review of the Parole Board action is pending in state court. Respondent further argues the petition should be dismissed without prejudice to Petitioner raising these claims in a new habeas action after the judicial

---

[3]Unless an evidentiary hearing is required, the appointment of counsel in federal habeas proceedings is discretionary. See *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Petitioner's insistence on having appointed counsel withdraw was counterproductive.

7 - OPINION AND ORDER

review proceedings are final. Based on the record, the Court agrees.[4]

## Conclusion

Based on the foregoing, the Amended Petition [11] is DENIED, with prejudice as to the claims challenging Petitioner's 1984 conviction and life sentence, but without prejudice as to Petitioner's right to raise claims challenging Parole Board actions in a future habeas action.

IT IS SO ORDERED.

DATED this 22 day of July, 2013.

_____
Marco A. Hernandez
United States District Judge

---

[4] Petitioner is reminded that State remedies must be exhausted prior to seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A) and § 2254(c).

8 - OPINION AND ORDER